PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
September 6, 1963
Honorable Farris Bryant
Governor, State of Florida
Tallahassee, Florida
Sir:
We have the honor to acknowledge your communication of September 4, 1963, requesting our opinion upon a question affecting your executive powers and duties as authorized by Section 13, Article IV, Florida Constitution, F.S.A.
Omitting the formal parts, your letter reads as follows, to-wit:
“The Florida Senate will convene on September 9, 1963, for the purpose of trying a member of the judiciary on Articles of Impeachment preferred against him by the House of Representatives.
“Section 15, Article IV, of the Constitution of the State of Florida places upon me the responsibility of submitting to the Florida Senate at its next session matters of suspension of officers.
“In light of these responsibilities and pursuant to the authority contained in Section 13 of Article IV of the Constitution, I have the honor to request your advisory opinion on the following question affecting my executive powers and duties:
“Is it the constitutional duty of the Chief Executive to report to the Senate, convened for the purpose of *4 trying Articles of Impeachment, suspensions made and ordered since the last session of the Florida Legislature for the appropriate Senate action?”
Article III, Section 29, Florida Constitution, provides, that, as a Court of Impeachment, the Senate may sit whether or not the House of Representatives be in session. In no other instance is the Senate so authorized. Recesses during legislative sessions are not here involved.
The Legislative Journals (Senate Journal, June 14, 1963, page 1907) reflect the fact that, prior to adjournment of the last legislative session, the Senate, sitting as a Court of Impeachment, recessed to September 9, 1963, a time at which the House will not be in session.
It is our view that the Senate, when convened on that date as a Court of Impeachment, will not constitute a “session” of that body as contemplated by Article IV, Section IS, of the Constitution, which requires the Governor to communicate suspensions “to the Senate at its next session”. The authority of the Senate, sitting as a Court of Impeachment, is restricted to the trial and the administrative matters related thereto.
We advise, therefore, the Chief Executive does not have the constitutional duty to report to the Senate, when convened for the purpose of trying Articles of Impeachment, while the House is not in session, suspensions made since the last session of the Florida Legislature.
Very respectfully,
E. HARRIS DREW
Chief Justice GLENN TERRELL ELWYN THOMAS B. K. ROBERTS CAMPBELL THORNAL STEPHEN C. O’CONNELL MILLARD F. CALDWELL Justices